**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| DION A BELL,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | Case No. 26-CV-1075-JPS<br><br>**ORDER** |

Petitioner Dion A. Bell ("Bell") petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. ECF No. 1. This Order screens the petition under Rule 4 of the Rules Governing Section 2254 Proceedings. *See* Rule 1(b), Rules Governing Section 2254 Proceedings ("The district court may apply any or all of these rules to a habeas corpus petition" brought under § 2255).

## 1. BACKGROUND

In his Petition, Bell describes the instant petition as an appeal under 28 U.S.C. § 2255. ECF No. 1. However, that statute describes the process by which a prisoner in custody under sentence by a federal court may move the court that imposed the sentence to vacate or modify the sentence. 28 U.S.C. § 2255. Because Bell identified the statute governing habeas petitions,

the Court construes his filing as one.[1] *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) ("[P]ro se pleadings are held to less exacting standards than those prepared by counsel and are to be liberally construed" (citations omitted)).

Petitioner's motion here arises from his criminal proceedings before this Court in *United States v. Bell*, No. 22-CR-250-1-JPS (E.D. Wis. Dec. 6, 2022).[2] On December 6, 2022, Bell was charged with transporting firearms in interstate commerce in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). ECF-CR No. 1. On July 1, 2024, the Court sentenced Petitioner to 180 months imprisonment and three years of supervised release, entering the judgement on the same day. ECF-CR Nos. 74, 75. Additionally, Bell appealed the Court's determination that it lacked the authority to impose a sentence below the statutory minimum, and the Seventh Circuit Court of Appeals affirmed this Court's decision. ECF-CR Nos. 77, 91. Petitioner now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 1.

## 2. ANALYSIS

The Court must screen Petitioner's motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases. At the screening stage, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is

---

[1] An appeal is a separate process. Parties may appeal to the court of appeals in the appropriate geographic region, or circuit, after a district court issues a final judgment or certain orders issued while a case is ongoing. *See* 28 U.S.C. §§ 1291-92.

If petitioner intended to appeal the Seventh Circuit's affirmation of this Court's opinion, the proper route for Petitioner was petitioning the Supreme Court for a writ of certiorari within 90 days of the appellate court's decision. *See* SUP. CT. R. 13.

[2] Docket references thereto will be cited as ECF-CR

not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2255 Proceedings.

Bell's Petition is deficient on its face, as it states *no* reasons to vacate, set aside, or correct his sentence. A valid petition must argue "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Because this is Bell's first petition and it does not state any argument under § 2255, the Court will dismiss his Petition without prejudice.

However, the Court notes that any subsequently filed petition may face a significant procedural hurdle. Any claims that a petitioner did not properly raise at trial or on direct appeal, but which he "could have . . . raised at trial or on direct appeal," are typically procedurally defaulted, and he cannot raise them in a § 2255 petition. *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) (citing *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009)); *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008). Given that Petitioner stated that he was filing a notice of appeal under § 2255, the Court is skeptical that a later motion might clear this hurdle.

Because the dismissal is without prejudice, Bell may file an amended petition. If he chooses to do so, he must file an amended petition on or before **December 2, 2026**. The Court also notes that any amended petition must bear the docket number assigned to this case.

## 3. CONCLUSION

For the reasons discussed herein, the Court will deny Petitioner's motion pursuant to 28 US.C. § 2255 and dismiss this case will without

prejudice. If Bell elects to file an amended petition, he must do so by **December 2, 2026**.

Accordingly,

**IT IS ORDERED** that Petitioner Dion A. Bell's petition for a writ of habeas corpus, ECF No. 1, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Petitioner Dion A. Bell shall on or before **December 2, 2026, FILE** an amended petition in accordance with the requirements of 28 U.S.C. § 2255(a); failure to timely do so will result in dismissal of this action without further notice.

Dated at Milwaukee, Wisconsin, this 4th day of November, 2026.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge